**FILED**

MAY 2 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  STEPHEN H. DYE (State Bar No. 104385)
2  MATTHEW F. MILLER (State Bar No. 172661)
   SCHNADER HARRISON SEGAL & LEWIS LLP
3  One Montgomery Street, Suite 2200
   San Francisco, CA 94104-5501
4  Telephone: (415) 364-6700
5  Fax: (415) 364-6785

6  Attorneys for Counter-claimant
   POWERHOUSE BUILDING, INC.
7

8              UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                   OAKLAND DIVISION

11
   GEMINI INSURANCE COMPANY, a           )  Case No. No. C 06 6134 SBA
12 Delaware corporation,                  )
                                          )  **STIPULATED JUDGMENT IN FAVOR OF**
13            Plaintiff,                  )  **COUNTER-CLAIMANT POWERHOUSE**
                                          )  **BUILDING, INC., AND AGAINST**
14        v.                              )  **COUNTER-DEFENDANT BOB HOPE &**
                                          )  **ASSOCIATES, INSURANCE AND**
15 AMCO INSURANCE COMPANY, INC., an      )  **FINANCIAL SERVICES, INC.**
   Iowa corporation; POWERHOUSE           )
16 BUILDING, INC., a California corporation, )
17                                        )
              Defendants.                 )
18 _____ )
                                          )
19 AND RELATED COUNTER-CLAIM.             )
   _____ )
20

21      IT IS HEREBY STIPULATED, by and between counter-claimant Powerhouse Building,
22 Inc. ("Powerhouse") and counter-defendant Bob Hope & Associates, Insurance and Financial
23 Services, Inc. ("Bob Hope"), that judgment shall be entered in favor of Powerhouse and against
24 Bob Hope in the amount of the remaining indebtedness due upon the date of the filing of this
25 Stipulated Judgment as determined by the terms of the Settlement Agreement and Release
26 executed by and between Powerhouse and Bob Hope and attached hereto as Exhibit A.
27      IT IS FURTHER STIPULATED that the judgment shall become final for all purposes
28 upon entry of judgment, and Powerhouse and Bob Hope waive any right to appeal or seek review

1 of this judgment by a higher court. Powerhouse is entitled to recover costs and attorneys' fees it
2 may incur in executing this judgment in this or any other court in which it attempts to execute its
3 judgment.
4     IT IS FURTHER STIPULATED that the Court shall retain jurisdiction over the parties to
5 enforce this stipulation until there is full performance of the terms thereof following the event of
6 default under the Settlement Agreement by Bob Hope.

7 Dated: March ____, 2007     POWERHOUSE BUILDING, INC.

8                                            By: _____
9                                                  David Hynes, President

10 Date: March ____, 2007     BOB HOPE & ASSOCIATES, INSURANCE AND FINANCIAL
11       4/9/07                   SERVICES, INC.
12                                                  By: _____
13                                                 Bob Hope, Principal

14 APPROVED AS TO FORM AND CONTENT:

15 Date: March ____, 2007     SCHNADER HARRISON SEGAL & LEWIS LLP
16
17                                                 By: _____
                                                Matthew F. Miller
18                                             Counsel for POWERHOUSE BUILDING, INC.

19 Date: April 9, 2007     LAW OFFICES OF LEE & FIELDS, A.P.C.
20
21                                             By: _____
                                                 Christopher P. Fields
22                                             Counsel for BOB HOPE & ASSOCIATES, INSURANCE AND
23                                            FINANCIAL SERVICES, INC.
24
25                                         **IT IS SO ORDERED**
26 Date: _____
27
28                                          U.S. Magistrate Judge Edward M. Chen

-2-
STIPULATED JUDGMENT IN FAVOR OF ... POWERHOUSE BUILDING, INC., AND AGAINST
COUNTER-DEFENDANT BOB HOPE & ASSOCIATES, INSURANCE AND FINANCIAL SERVICES, INC.
Case No. No. C 06 6134 SBA                                                     SFDATA 624569_1

1  of this judgment by a higher court. Powerhouse is entitled to recover costs and attorneys' fees it
2  may incur in executing this judgment in this or any other court in which it attempts to execute its
3  judgment.
4      IT IS FURTHER STIPULATED that the Court shall retain jurisdiction over the parties to
5  enforce this stipulation until there is full performance of the terms thereof following the event of
6  default under the Settlement Agreement by Bob Hope.

7  Dated: April 20, 2007    POWERHOUSE BUILDING, INC.

8      By: _____
9          David Hynes, President

10 Date: March ___, 2007    BOB HOPE & ASSOCIATES, INSURANCE AND FINANCIAL
11     SERVICES, INC.

12     By: _____
13         Bob Hope, Principal

14 APPROVED AS TO FORM AND CONTENT:

15 Date: April 26, 2007    SCHNADER HARRISON SEGAL & LEWIS LLP
16     By: _____
17         Matthew F. Miller
    Counsel for POWERHOUSE BUILDING, INC.
18

19 Date: March ___, 2007    LAW OFFICES OF LEE & FIELDS, A.P.C.
20
    By: _____
21         Christopher P. Fields
    Counsel for BOB HOPE & ASSOCIATES, INSURANCE AND
22     FINANCIAL SERVICES, INC.
23

24
25     **IT IS SO ORDERED**
26 Date: May 23, 2007
27
    _____
28     U.S. Magistrate Judge Edward M. Chen

-2-
STIPULATED JUDGMENT IN FAVOR OF . . . POWERHOUSE BUILDING, INC., AND AGAINST
COUNTER-DEFENDANT BOB HOPE & ASSOCIATES, INSURANCE AND FINANCIAL SERVICES, INC.
Case No. No. C 06 6134 SBA    SFDATA 624569_1

## SETTLEMENT AGREEMENT AND RELEASE

POWERHOUSE BUILDING, INC. ("POWERHOUSE") and BOB HOPE & ASSOCIATES, INSURANCE AND FINANCIAL SERVICES, INC. ("BOB HOPE") through this Settlement Agreement and Mutual Release (the "Agreement") agree as follows:

1. Disputes have arisen between POWERHOUSE and BOB HOPE regarding the insurance coverage, if any, which may have applied to claims and demands asserted against POWERHOUSE in an action that was pending in the Marin County Superior Court entitled Anaya v. Plath & Co., Inc., case no. CV-052055 ("the Underlying Case").

2. POWERHOUSE's claims regarding BOB HOPE's provision of insurance brokerage services to POWERHOUSE in or around its 2004 policy year are presently being litigated in an action that is pending in federal district court in the Northern District of California entitled *Gemini Insurance Company v. AMCO Insurance Company, Inc., Powerhouse Building, Inc.*, and related counter-claims, Case No. C 06 6134 SBA (the "Professional Negligence Case").

FOR GOOD AND VALUABLE CONSIDERATION, RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED, IT IS AGREED THAT:

3. BOB HOPE will pay Fifty-Five Thousand Dollars ($55,000) in full settlement of POWERHOUSE'S claims by checks payable to "Powerhouse Building, Inc." as follows:

    a. on or before April 30, 2007, BOB HOPE will pay Ten Thousand Dollars ($10,000) to POWERHOUSE;

    b. on or before June 29, 2007, BOB HOPE will pay another Ten Thousand Dollars ($10,000) to POWERHOUSE;

    c. on or before July 29, 2007, BOB HOPE will pay another Ten Thousand Dollars ($10,000) to POWERHOUSE;

    d. on or before August 28, 2007, BOB HOPE will pay another Ten Thousand Dollars ($10,000) to POWERHOUSE; and

    e. on or before September 27, 2007, BOB HOPE will make a final payment to POWERHOUSE of Fifteen Thousand Dollars ($15,000).

BOB HOPE may elect to make its initial payment, which is due on or before April 30, 2007, in the amount of Fifteen Thousand Dollars ($15,000); if BOB HOPE elects to do so, the final payment which is due on or before September 27, 2007, will be in the amount of Ten Thousand Dollars ($10,000). All payments will be delivered to Schnader Harrison Segal & Lewis LLP, Attention: Matthew F. Miller, One Montgomery Street, Suite 2200, San Francisco, California 94104-5501.

4. In the event that BOB HOPE fails to make any payment as specified above, POWERHOUSE's counsel shall provide written notice of default to BOB HOPE's counsel,

Chris Fields. BOB HOPE will have five (5) days from the date of facsimile transmission of notice in which to cure any default. If payment is not made within this five-day period, POWERHOUSE, through its counsel, may file the Stipulated Judgment attached hereto as Exhibit A in the amount of the remaining due indebtedness.

5. With the exception of the right to maintain an action to enforce the terms of this Agreement or seek a declaration of rights under this Agreement, POWERHOUSE, on its own behalf and on behalf of its respective present and former officers, directors, shareholders, principals, partners, agents, representatives, attorneys, assigns, and any other person or entity asserting any right by or through them, releases BOB HOPE and each of its agents, representatives, underwriters, third party administrators, attorneys, assigns, successors in interest, officers, directors and employees, from all claims, suits and causes of action of every nature in law or equity, whether known or unknown, whether suspected or unsuspected, including without limitation any claims for attorney fees and costs or for professional negligence, which any of them ever had, now has, or hereafter may have against BOB HOPE arising out of or related to the Underlying Case or the Professional Negligence Case.

6. With the exception of the right to maintain an action to enforce the terms of this Agreement or seek a declaration of rights under this Agreement, BOB HOPE, on its own behalf and on behalf of its respective present and former officers, directors, shareholders, principals, partners, agents, representatives, attorneys, assigns, and any other person or entity asserting any right by or through them, releases POWERHOUSE and each of its agents, representatives, attorneys, assigns, successors in interest, officers, directors and employees, from all claims, suits and causes of action of every nature in law or equity, whether known or unknown, whether suspected or unsuspected, including without limitation any claims for attorney fees and costs, which any of them ever had, now has, or hereafter may have against POWERHOUSE arising out of or related to the Underlying Case or the Professional Negligence Case.

7. Both parties will execute a stipulation of dismissal without prejudice of POWERHOUSE's claims against BOB HOPE in the Professional Negligence Case and counsel for POWERHOUSE and BOB HOPE are authorized to file it with the court immediately.

8. Each person or entity executing this Agreement acknowledges that he, she or it is familiar with the provisions of Section 1542 of the California Civil Code and expressly agrees that the releases set forth above constitute a waiver and release of any rights or benefits that may have been available thereunder, with the exception that the persons or entities executing this Agreement retain the right to maintain an action to enforce the terms of this Agreement and seek a declaration of rights under this Agreement. The provisions of Section 1542 of the Civil Code of the State of California read as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Each person or entity executing this Agreement acknowledges that the effect and import of this provision has been fully explained by his, her or its own counsel and that this Agreement is entered into freely and voluntarily, without duress or undue influence.

9.  This Agreement pertains to disputed claims and nothing contained herein shall be construed as an admission of liability by any party.

10. Each person or entity executing this Agreement represents and warrants that he, she or it has received advice from independent counsel with respect to the advisability and effect of entering into this Agreement. The parties have not relied upon any statement, representation or promise not contained herein in executing this Agreement.

11. Each person executing this Agreement represents and warrants that this Agreement has been read and its contents are understood, and represents and warrants that he or she is authorized to execute this Agreement.

12. Each party to this Agreement expressly understands and agrees that each of the parties' respective representations and warranties set forth above are being relied upon by the other party in entering into this Agreement.

13. This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, fully supersedes any and all prior understandings, representations, warranties and agreements between the parties hereto, or any of the subject matter hereof, and may be modified only by written agreement signed by all of the parties hereto. This Agreement is the final written presentation of the settlement of these parties, and no oral understanding or verbal representation will modify the Agreement to any degree.

14. If any term of this Agreement is held by a court of competent jurisdiction to be void or unenforceable, the remainder of this Agreement will remain in full force and effect and will not be affected.

15. This Agreement will be governed by and construed in accordance with the law of California.

16. In the event any action or proceeding is brought to enforce any of the terms of this Agreement or obtain a declaration of rights under this Agreement, the prevailing party or parties shall be entitled to recover reasonable attorney fees, expenses and costs from the non-prevailing party or parties.

17. This Agreement may be executed in counterparts, including facsimile and e-mail counterparts, and when each party has signed and delivered to the other at least one such counterpart, each counterpart will be deemed an original and, when taken together with other signed counterparts, will constitute one agreement which will be binding upon and effective as to all parties.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the date first above written.

Dated: March ____, 2007    POWERHOUSE BUILDING, INC.

                           By: _____
                                David Hynes, President

Date: March ____, 2007     BOB HOPE & ASSOCIATES, INSURANCE AND FINANCIAL
                           SERVICES, INC.

4/4/07                     By: _____
                                Bob Hope, Principal


APPROVED AS TO FORM AND CONTENT:

Date: March ____, 2007     SCHNADER HARRISON SEGAL & LEWIS LLP

                           By: _____
                                Matthew F. Miller
                                Counsel for POWERHOUSE BUILDING, INC.

Date: ~~March~~ April 9, 2007   LAW OFFICES OF LEE & FIELDS, A.P.C.

                           By: _____
                                Christopher P. Fields
                                Counsel for BOB HOPE & ASSOCIATES, INSURANCE AND
                                FINANCIAL SERVICES, INC.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the date first above written.

Dated: April 20, 2007    POWERHOUSE BUILDING, INC.

By: _____
    David Hynes, President

Date:  March ____, 2007    BOB HOPE & ASSOCIATES, INSURANCE AND FINANCIAL SERVICES, INC.

By: _____
    Bob Hope, Principal


APPROVED AS TO FORM AND CONTENT:

Date:  April 26, 2007    SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
    Matthew F. Miller
    Counsel for POWERHOUSE BUILDING, INC.

Date:  March ___, 2007    LAW OFFICES OF LEE & FIELDS, A.P.C.

By: _____
    Christopher P. Fields
    Counsel for BOB HOPE & ASSOCIATES, INSURANCE AND FINANCIAL SERVICES, INC.

SFDATA 624559_1